# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
BRUCE COMMITTE,                         )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        Civil Action No. 18-0018 (RBW)
                                        )
GEORGETOWN UNIVERSITY,                  )
                                        )
                    Defendant.          )
_____ )

## MEMORANDUM OPINION

On June 21, 2018, the defendant filed its Motion to Dismiss, ECF No. 6.  On June 22,

2018, the Court issued an Order, ECF No. 7, advising the plaintiff, who is proceeding *pro se*, of

his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules of this

Court.  Specifically, the Order advised the plaintiff that, if he failed to file an opposition or

otherwise respond to the defendant's motion by July 23, 2018, the Court would rule on the

motion without the benefit of the plaintiff's position.  The Clerk of the Court mailed a copy of

the Order to the plaintiff at his address of record.  To date, the plaintiff has neither filed an

opposition nor requested more time to do so.  For the reasons discussed below, the Court grants

the defendant's motion.

## I. BACKGROUND

Bruce Committe, who was born in 1952, Complaint ("Compl.") ¶ 4, "applied for an

accounting faculty position at Georgetown University in response to a solicitation for

applications for the position," *id.* ¶ 2.  According to the plaintiff, Georgetown refused to hire him

because of his age. *See id.* ¶¶ 3, 6-8. As a result, the plaintiff contends that he "has suffered loss of all of the benefits . . . he would have received had [Georgetown] hired him." *Id.* ¶ 9; *see id.* ¶ 10 (listing benefits allegedly lost). The plaintiff has brought this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34 (2012), and demands a declaratory judgment, injunctive relief, monetary damages, attorney's fees and costs. *See* Compl. at 4.

## II. DISCUSSION

Georgetown moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), on the ground that the complaint fails to state a prima facie case of age discrimination. *See* Memorandum in Support of Defendant Georgetown University's Motion to Dismiss at 3.

"A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (citation omitted). Under Rule 8, a plaintiff in his complaint need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678)). Although a complaint filed by a *pro se* plaintiff is "to be liberally construed," *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429

U.S. 97, 106 (2007)), it, too, must set forth factual allegations that "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

"To establish a prima facie case under the ADEA, for a claim involving a failure to hire, the plaintiff must demonstrate that (1) []he is a member of the protected class (*i.e.*, over 40 years of age); (2) []he was qualified for the position for which [he] applied; (3) []he was not hired; and (4) []he was disadvantaged in favor of a younger person." *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004) (citations omitted). The Court is mindful that a plaintiff need not plead each element of a prima facie case to survive a Rule 12(b)(6) motion. *See Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011). However, "he must . . . plead sufficient facts to show a plausible entitlement to relief." *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011).

The plaintiff alleges that he is a person over 40 years of age, *see* Compl. ¶ 4, that he applied for a position with Georgetown, *see id.* ¶ 2, and that Georgetown did not hire him because of his age, *see id.* ¶ 3. Missing from the complaint, however, are any factual allegations demonstrating that "'the inferences of discrimination drawn by the plaintiff' – *i.e.*, that age was a factor in the challenged decision – 'are reasonable and plausibly supported.'" *Lawson v. Sessions*, 271 F. Supp. 3d 119, 134 (D.D.C. 2017) (quoting *Townsend v. United States*, 236 F. Supp. 3d 280, 298 (D.D.C. 2017)). Specifically, the plaintiff has not alleged that he was qualified for the position or that Georgetown hired a younger applicant instead. His mere speculation that Georgetown "will have hired a much younger person less, or no more, qualified" than him, Compl. ¶ 7, is nothing more than conjecture and does not advance his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Lurensky v. Wellinghoff*, 167 F. Supp. 3d 1, 15 (D.D.C. 2016) (dismissing age discrimination claim where plaintiff merely

alleged "that she is 64-years-old, and that there is reason to believe her age must have been a factor in the workplace").

III. CONCLUSION

     For the foregoing reasons, the Court concludes that the plaintiff's complaint fails to state an ADEA claim upon which relief may be granted and, therefore, must be dismissed.  An Order is issued separately.


DATE:  October 3, 2018              /s/
                                      REGGIE B. WALTON
                                      United States District Judge